UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA JOYCE REEVES,<br><br>    Plaintiff,<br><br>    v.<br><br>YESENIA SANCHEZ,<br><br>    Defendant. | Case No. 25-cv-02962-TSH<br><br>**ORDER RE: NAMED DEFENDANT** |

Plaintiff Linda Joyce Reeves initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). Plaintiff brings a claim under the Americans with Disabilities Act (ADA), alleging she suffered injuries while housed at Santa Rita Jail. Compl., ECF No. 1. Plaintiff names County of Alameda Sheriff Yesenia Sanchez as the sole defendant. On April 14, 2025, the Court granted Plaintiff's in forma pauperis application, directed the Clerk of Court to issue the summons, and directed the U.S. Marshal to serve Defendant. ECF No. 4. However, when the U.S. Marshal attempted service, the County of Alameda stated it would not accept service on behalf of Sheriff Sanchez because it was not a named party. ECF No. 8.

Given Plaintiff's pro se status, the Court construed her claim as one brought against County of Alameda, by and through Sheriff Yesenia Sanchez in her official capacity. ECF No. 10. The Court directed the Clerk of Court to issue a revised summons addressed to the defendant as "County of Alameda, by and through Sheriff Yesenia Sanchez in her official capacity," at 1221 Oak Street, Oakland, CA 94612, and for the U.S. Marshal to re-attempt service. *Id.* However, the County of Alameda again stated it would not accept service because Sheriff Sanchez is the only party listed on the complaint. ECF No. 12.

The ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303

F.3d 1039, 1052 (9th Cir. 2002). "This provision extends to discrimination against inmates detained in a county jail." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017) (citing *Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998)). The ADA "authorizes suits by private citizens for money damages against public entities that violate § 12132." *United States v. Georgia*, 546 U.S. 151, 154 (2006) (citing 42 U.S.C. § 12133). Plaintiff may sue the public entity or an employee acting in his official capacity for damages but may not sue an individual for a violation of the ADA. *Eason v. Clark County School Dist.*, 303 F.3d 1137, 1144 (9th Cir. 2002) (citing *Garcia v. S.U.N.Y. Health*, 280 F.3d 98, 107 (2d Cir. 2001)); *see also Caesar v. Horel*, 2010 WL 4393894, at *7 (N.D. Cal. Oct.29, 2010) ("Plaintiff cannot bring an ADA . . . action against individual prison officials, because the proper defendant in such actions is the public entity responsible for the alleged discrimination. . . . The proper defendants to Plaintiff's disability discrimination claims are the public entities that allegedly denied him equal access to their programs."); *Ellington v. Clark*, 2010 WL 2303333, at *5 (E.D. Cal. June 7, 2010) (because correctional facilities are "public entities" within the meaning of the ADA, the correctional facility, not prison officials or the State of California, is the proper defendant with respect to plaintiff's ADA claim).

As the County of Alameda will not accept service of Plaintiff's complaint in its current form, the Court **ORDERS** Plaintiff to file a First Amended Complaint by August 28, 2025, naming "County of Alameda" as the Defendant. Once Plaintiff files her amended complaint, the Clerk of Court shall issue a revised summons addressed to County of Alameda at 1221 Oak Street, Oakland, CA 94612. The U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the amended complaint and any attachments thereto, Plaintiff's affidavit, and the Court's orders upon Defendant.

**IT IS SO ORDERED.**

Dated: August 7, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2